IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ELSIBETH BRANDEE MCCOY,

          Plaintiff,

v.                                CIVIL ACTION NO. 3:10-0368

STEVE CANTERBURY, Administrative
Director for SUPREME COURT OF
APPEALS OF WEST VIRGINIA,

          Defendant.

### ORDER

Pending is the defendant's Motion for More Definite Statement. [Doc. 28]. For the following reasons, the motion is **GRANTED**.

### Background

Plaintiff Elsibeth McCoy ("Plaintiff") brought this action *pro se* on March 22, 2010 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The original complaint alleged that the Cabell County Courthouse and Steve Canterbury ("Defendant") engaged in discrimination against Plaintiff. Pursuant to an Order entered by Magistrate Judge Maurice Taylor, Jr. on March 30, 2010, Plaintiff amended her complaint to remove the Cabell Count Courthouse as a named defendant. Defendant filed an answer on June 15, 2010. Thereafter, the Court granted Plaintiff leave to again amend her complaint in order to clarify that she will proceed only on a disparate impact theory. On October 5, 2010, Plaintiff filed her second amended complaint in accordance with the Court's Order.

-1-

Defendant now has trouble understanding the contents of the second amended complaint. On October 18, 2010, he filed a Motion for More Definite Statement, claiming that the amended complaint lacks coherence and prevents him from forming an appropriate response.

## Discussion

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule12(e) motions are generally "'restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'" *See Wright v. Sutton*, No. 1:08-1431, 2010 U.S. Dist. LEXIS 67044, at *3 (S.D. W. Va. July 6, 2010) (quoting *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 233 (S.D. W. Va. 1994)); *see also Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir. 1973). The decision on whether to require a party to provide a more definite statement, however, is within the discretion of the trial court. *See Wright*, 2010 U.S. Dist. LEXIS 67044, at *3.

Defendant claims that Plaintiff's second amended complaint setting forth her disparate impact theory is so vague and ambiguous that it fails to provide an adequate basis on which Defendant may properly file an answer. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, a plaintiff may bring a discrimination claim under two broad theories—disparate treatment and disparate impact. *See Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986); *see also* 42 U.S.C. § 2000e-2(a). A disparate impact claim permits members of a protected class to obtain redress for the discriminatory effects of seemingly neutral employment practices, even where no intentional discrimination is alleged. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (1971); *Bell v. Cabela's, Inc.*, No. 5:08-5, 2009 U.S. Dist. LEXIS 28593, at *11-12 (N.D. W.

Va. April 1, 2009). "To establish a prima facie case of disparate impact discrimination under Title VII, a plaintiff must 'show that [an alleged] facially neutral employment practice had a significantly discriminatory impact.'" *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 265 (4th Cir. 2005) (quoting *Walls v. City of Petersburg*, 895 F.2d 188, 191 (4th Cir. 1990) (citation omitted)). If a plaintiff properly states a claim for disparate impact, the burden shifts to the employer to demonstrate that the employment practice complained of is related to a proper employment end. *See Anderson*, 406 F.3d at 265. A plaintiff may use statistical evidence to support her argument that an unlawful practice caused a discriminatory effect. *Id.*; *see also McIntosh v. Weinberger*, 810 F.2d 1411, 1428 (8th Cir. 1987) (examining workforce statistics offered by a plaintiff as evidence of disparate impact).

In support of her theory, Plaintiff cites two reports created by the Commission on the Future of the West Virginia Judiciary and the West Virginia Advisory Committee to the U.S. Commission on Civil Rights, respectively. Her use of the reports draws on testimony of study participants who essentially opine that the insular nature of rural, West Virginia communities facilitates and contributes to a nepotistic state judicial system. For purposes of her disparate impact claim, she alleges that this environment adversely affected her while she was an employee in the Cabell County Courthouse.

Defendant argues that the complaint fails to state how the reports bear upon Plaintiff's claim against him. He further contends that the complaint lacks sufficient underlying factual detail of the precise misconduct Plaintiff challenges. Finally, he submits that, while Plaintiff concludes that she was adversely impacted by discriminatory nepotism and favoritism, she does not state facts illuminating exactly how she was impacted.

As a threshold matter, Rule 8(a) of the Federal Rules of Civil Procedure only requires the plaintiff to disclose enough to give the defendant fair notice of her claims. *See* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "When a complaint conforms to Rule 8(a), discovery provides an adequate means for ascertaining the facts in maturing a case for trial." *Dodge v. CDW Gov't, Inc.*, No. 1:09-528, 2009 U.S. Dist. LEXIS 48015, at *11 (E.D. Va. June 5, 2009). The Court finds that Plaintiff's allegations in the second amended complaint are sufficient to put Defendant on notice of her theory that he is responsible for systematic discriminatory practices prevalent in the West Virginia court system. However, Defendant is correct that Plaintiff has not made it clear exactly how she was affected by the allegedly discriminatory practices. Similarly, she has not identified which internal policies or procedures employed by the Cabell County Courthouse constitute the source of her discrimination claim.

While the Court recognizes that Rule 12(e) motions are less frequently granted, they can be used as a tool to elicit "facts underlying a plaintiff's claim for relief" when those facts either do not appear on the face of the complaint, or are otherwise framed in a confusing, conflicting, or ambiguous manner. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (noting that a Rule 12(e) motion can be an effective tool for clarifying factual allegations essential to the logical structuring of an answer). Accordingly, in order to facilitate efficient resolution of this case, the Court **ORDERS** that Plaintiff be permitted to further amend her complaint to detail (1) the discriminatory practices employed in the Cabell County Courthouse; (2) how those practices have disparately affected minorities–e.g., advancement opportunities, hiring, etc.; and (3) how those practices detrimentally affected Plaintiff.

The Court believes that this Order will give Plaintiff an adequate opportunity to address the gaps in her complaint. Contrary to Defendant's position, however, Plaintiff need not offer specific evidence proving the foregoing factual allegations at this stage in the proceeding; she must only allege those precise facts that support her claim for disparate impact so that Defendant can file an appropriate response. Plaintiff shall have until **Monday, November 8, 2010** to file an amended complaint complying with this Order. Failure to do so may result in dismissal without prejudice.

## Conclusion

For the aforementioned reasons, Defendant's Motion for More Definite Statement is **GRANTED** and Plaintiff is **ORDERED** to file an amended complaint complying with the dictates of this Order by **Monday, November 8, 2010**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	October 25, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE